UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDO GONZALEZ JR., | No.  2:25-cv-3239 TLN AC PS |
| Plaintiff, | |
| v. | ORDER and |
| NEWREZ LLC, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned for pre-trial proceedings by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  Screening**

A.      Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff, proceeding in pro se, brings suit individually and as Administrator of the Estate of Santiago Diaz Chavera.  ECF No. 1 at 2.  Plaintiff "seeks equitable relief to remedy the unlawful collection of $33,311.11 by Defendants during probate proceedings[.]"  Id.  Plaintiff is alleged to be the duly appointed representative of the Chavera Estate.  Id.  On March 14, 2016,

property belonging to the estate was sold.  Id. at 3.  Escrow records reflect a payoff to Ditech Financial LLC, even though Ditech did not properly file a creditor's claim.  Id.  Ditech has since been fined for corrupt practices.  Id.  Plaintiff seeks restitution to the Chavera Estate among other relief.  Id. at 4.

C.  Analysis

This complaint must be dismissed because it is clear from the contents of the complaint that plaintiff cannot bring this case in pro se, as all of the claims belong to the Chavera Estate.  In federal court, "parties may plead and conduct their own cases personally or by counsel ...." 28 U.S.C. § 1654.  However, "[i]t is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008).  Courts follow a "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."  Id.  This rule applies to non-attorney executors, administrators, and personal representatives seeking to represent a decedent's estate.  See id. at 666 (citing Jones v. Corr. Med. Servs., 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear pro se on behalf of estate); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear pro se on behalf of estate)).  Because the facts and claims asserted in the complaint make clear that the claims belong to the Estate, and because plaintiff cannot represent the Estate in pro se, this case cannot proceed in federal court.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case.  Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

## III. Pro Se Plaintiff's Summary

You have been granted permission to proceed without paying the filing fee.  However, the

3

Magistrate Judge is recommending that your case be dismissed because you cannot represent the claims of an estate; only an attorney can represent the estate.  You may object to this recommendation within 21 days, if you wish to do so.  The District Judge will make the final decision.

### IV.  Conclusion

Accordingly, plaintiff's request to proceed in forma pauperis (ECF No. 2) is hereby GRANTED.

It is further RECOMMENDED that the complaint (ECF No. 1) be DISMISSED without prejudice, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: February 17, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4